UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| VERDELMER CAROLINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 6:23-cv-01160 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| FARMERS NEW WORLD LIFE INS. CO., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FAMERS NEW WORLD LIFE INSURANCE COMPANY'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendant Farmers New World Life Insurance Company ("Defendant" or "FNWL") offers the following Suggestions in Support of Its Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6), or, in the alterative, motion for more definite statement pursuant to Fed. R. Civ. Proc. 12(e).

**I.     OVERVIEW**

On July 6, 2023, Plaintiff filed this lawsuit in the District Court of Sedgwick County, Kansas purportedly asserting claims for denial of death benefits. (Pet. ¶¶ 32-34). According to the petition, Plaintiff is attempting to collect benefits from a life insurance policy issued on behalf of De-Andre Greenley.[1] (Pet. ¶ 1). Plaintiff further alleges in the threadbare allegations that the insured died in Wichita, Kansas on August 14, 2022 (Pet. ¶ 2), that Plaintiff timely filed a claim for benefits (Pet. ¶ 3), and that Defendant failed and refused to pay death benefits (Pet. ¶ 4). Plaintiff's petition contains no more factual allegations than those threadbare assertions, as well as

---

[1] It is noteworthy that while Plaintiff's petition uses a header to state that "plaintiff arranged for the purchase of a life insurance policy on the life of her grandson De'Andre Greenley" there is not actual substantive information in the allegations of the petition.

additional statements regarding venue and the jurisdiction of the Court.

What is more instructive is that the Plaintiff has failed to identify even the most basic of facts necessary to evaluate whether Plaintiff has stated a claim. Plaintiff has failed to identify the policy number or the actual insurer of the policy. The petition fails to identify when the policy was issued, what the effective policy period was, or whether the policy was in force and effect at the time of De-Andre Greenley's death. The petition fails to identify whether the Plaintiff is a proper beneficiary of the contract or any of the terms the insuring agreement actually states. The petition fails to identify the efforts made by Plaintiff to obtain benefits, the responses of Defendant, or any other description of the conditions precedent to recovery.

In light of the threadbare allegations of the Petition, Plaintiff's petition should be dismissed for failing to state a claim. In the alternative, Plaintiff should be required to state sufficient factual detail in their petition so that FNWL can properly prepare a response to the allegations.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff's petition must "contain factual allegations that, assumed to be true, raise a right to relief above the speculative level" and must include enough facts to state a claim for relief that is plausible on its face." *No Spill, Inc. v. Scepter Canada, Inc.*, 429 F. Supp. 3d 768, 773 (D. Kan. 2019)(internal citations omitted). A case should be dismissed for failure to state a claim when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," or "when an issue of law is dispositive." *How v. City of Baxter Springs, Kan.*, 369 F. Supp. 2d 1300, 1303 (D. Kan. 2005)(internal citations omitted). The court "accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff." *Id.* (citing *Adams v. Kinder–Morgan, Inc.,* 340 F.3d 1083,

1088 (10th Cir.2003)). The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* (internal citations omitted).

Alternatively, a motion under Rule 12(e) provides an avenue for a responding party to move for clarification of a pleading that is so vague or ambiguous that the party cannot reasonably prepare a response. *Rodock v. Moore*, No. 21-2050-DDC, 2021 WL 2950105, at *1 (D. Kan. July 14, 2021)(internal citations omitted). A Rule 12(e) motion is to read in conjunction with the requirement of Rule 8(a) that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1339 (D. Kan. 2019); Fed. R. Civ. Proc. 8(a)(2). Because such motions are disfavored in light of the liberal discovery rules in federal court, the standard is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission. *Rodock*, 2021 WL 2950105, at *1 (internal citations omitted). The granting of a motion for more definite statement is within the sound discretion of the Court. *May*, 394 F. Supp. 3d at 1339.

### III.   ARGUMENT

#### A.   Plaintiff's Petition Fails to Satisfy K.S.A. 60-209(h) by Failing to Attach or Reference the Agreement

Plaintiff's sole claim for relief is that she is entitled to life insurance benefits under the terms of an insurance contract purportedly issued by FNWL. Plaintiff has not provided even basic information about the contract at issue, such as the policy number, the named insureds, or the effective date of the policy. Plaintiff has similarly failed to attach a copy of the instrument to her petition.

As an initial matter, it is important to note that Plaintiff initially filed this matter in the State of Kansas. K.S.A. 60-209(h) states that any claim founded on a written instrument may be pleaded

by "(1) [r]easonably identifying the written instrument and stating its substance; (2) reciting the contents of the written instrument in the pleading; or (3) attaching a copy to the pleading as an exhibit." The Kansas Supreme Court has explicitly stated that "[i]t is the responsibility of a plaintiff whose recovery depends on a contract provision, including a third-party beneficiary, to conform to K.S.A. 60–209(h)." *Bennett v. Van Doren Indus., Inc.*, 262 Kan. 426, 430, 939 P.2d 874, 878 (1997). Despite this clear directive of Kansas law, Plaintiff identifies nothing about the substance of the Agreement except that "[t]he policy was issued by Defendant on the life of De-Andre Greenley. (Pet. ¶ 1). Plaintiff recites none of the specific contractual provisions at issue and did not attach a copy of the Agreement.

FNWL asserts that violation of K.S.A. 60–209(h) is independent grounds for a motion to dismiss pursuant to Rule 12(b)(6).  Even if it is not, it highlights the deficiencies of the Plaintiff's Petition. Plaintiff's claim seeks benefits of a contract of insurance. However, Plaintiff fails to provide any facts by which Defendant or the Court can determine whether the Plaintiff even has standing to bring the claim because Plaintiff has failed to provide any information or adequate analysis pertaining to the terms of the Agreement or Plaintiff's right to recover under the agreement.

**B. Without Reference to the Agreement Language, Plaintiff fails to State Sufficient Facts to Establish a Claim for Relief.**

As identified above, Plaintiff purports to assert a claims for benefits arising out of a purported contract of insurance between Plaintiff and FNWL. Plaintiff's petition asserts a number of conclusory statements, but provides no factual information to sufficiently state a claim. Plaintiff's petition does not provide sufficient information to even evaluate the propriety of the claim.

Instead, Plaintiff merely makes conclusory allegations asserting the right to benefits.

Pursuant to Fed. R. Civ. Proc. 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." While the Rule does not require detailed factual allegations, it requires a pleading to provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).To survive a motion to dismiss under Rule 12(b)(6), Plaintiff's petition must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). While the court must assume that the factual allegations in the complaint are true, it is not bound to accept as true a legal conclusion couched as a factual allegation. *Mendy v. AAA Ins.*, No. 17-2322-DDC-GLR, 2017 WL 4422648, at *3 (D. Kan. Oct. 5, 2017)(quoting *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009)). "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Brooks* v. *Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

Each of Plaintiff's allegations are conclusory and should be disregarded by the Court. Plaintiff asserts an entitlement to relief under an insurance contract, but provides no factual support of an entitlement to the benefits. Plaintiff's petition does not identify any contractual provisions that she alleges support her recovery. She has not identified her status as a beneficiary of the relevant contract. She has not identified any pertinent allegations showing that she is entitled to relief. As such, dismissal pursuant to Rule 12(b)(6) is appropriate.

### C. If the Court does not Dismiss the Plaintiff's Claims, the More Definite Statement is Required regarding the Defendant's Duties to Decedent.

In the event that the Court does not determine that dismissal is appropriate pursuant to Rule 12(b)(6), then a more definite statement is required pursuant to Rule 12(e). By failing to adhere to K.S.A. 60–209(h), Plaintiff has failed to provide sufficient indication of how Plaintiff is entitled

to recovery under the relevant contract. Plaintiff has neither attached the Agreement, cited the language of its contents, nor provided any specific indication of the substance. Without sufficient reference to the underlying agreement, Defendant cannot sufficiently address the allegations made by Plaintiff. Defendant cannot adequately determine whether Plaintiff claims a breach of express contractual provisions for which Decedent would have been a direct or third-party beneficiary. Defendant cannot determine whether additional defenses do or do not apply under the circumstances. In the absence of a more definite statement as to how the Agreement entitles Plaintiff to recover, Defendant cannot adequately admit or deny the truth of these matters, and relief pursuant to Rule 12(e) is appropriate.

## IV.    CONCLUSION

Plaintiff's petition fails to meet the Kansas pleading requirements imposed by K.S.A. 60–209(h) by either attaching the written instrument from which their claim originates or citing to its contents. As a result, the Petition fails to establish that Plaintiff is entitled to recovery and therefore does not contain sufficient factual matters which, if accepted as true, state a claim that is plausible on its face. Plaintiff's allegations are mere legal conclusions that can be disregarded by the Court. Consequently, Plaintiff has failed to state a cause of action for which relief can be granted and a dismissal pursuant to Rule 12(b)(6) is appropriate. Alternatively, the Petition fails to state sufficiently how Plaintiff is entitled to recover in the Petition, therefore Defendant FNWL seeks an order that the Plaintiff provide a more definite statement sufficient to allow Defendant FNWL to file a responsive pleading.

                Respectfully submitted,

By:    */s/ Jordon T. Stanley*
      Jordon T. Stanley, #21990
      **GORDON REES SCULLY MANSUKHANI, LLP**
      211 North Broadway, Suite 2150
      St. Louis, Missouri 63102
      Tel: (314) 961-6686
      Fax: (314) 338-3076
      jtstanley@grsm.com
      *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on August 11, 2023, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

By:    */s/ Jordon T. Stanley*