UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| VERDELMER CAROLINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 6:23-cv-01160 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| FARMERS NEW WORLD LIFE INS. CO., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT FARMERS NEW WORLD LIFE INSURANCE COMPANY'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Following a timely removal of this matter from State court, Farmers New World Life Insurance Company ("Defendant" or "FNWL") timely filed its Motion to Dismiss, Or, In the Alterative, Motion For More Definite Statement (Doc.10), on the basis of Plaintiff's threadbare petition and failure to state a claim. In addition to failing to attach or identify the relevant contract in violation of K.S.A. 60-209(h), Plaintiff's Petition includes virtually no identifiable facts upon which the nature of his claim can be established. Rather than address the substantive failures of the Petition – or seek leave of Court to amend to a more conforming brief – Plaintiff has instead elected to concede FNWL's motion for more definite statement in her response to the pending motion. (Doc. 13). Unfortunately, Plaintiff's efforts to identify the Policy information (in a pleading other than the Petition), fails to address the concerns that formed the basis of FNWL's motion and dismissal is still appropriate.

Plaintiff's Petition still relies solely on conclusory allegations asserting the right to benefits under a life insurance contract. Fed. R. Civ. Proc. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule requires a

pleading to provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).To survive a motion to dismiss under Rule 12(b)(6), Plaintiff's petition must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). While the court must assume that the factual allegations in the complaint are true, it is not bound to accept as true a legal conclusion couched as a factual allegation. *Mendy v. AAA Ins.*, No. 17-2322-DDC-GLR, 2017 WL 4422648, at *3 (D. Kan. Oct. 5, 2017)(quoting *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009)). "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Brooks* v. *Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

Plaintiff's response in opposition to FNWL's motion (Doc. 13) does identify the relevant policy information, which is still absent from the Plaintiff's operative pleading.  Intriguingly, though, the response admits that Plaintiff does not even have a copy of the relevant instrument, does not know the contents of the documents, and seemingly failed to execute the necessary forms for a replacement of the document prior to filing suit against FNWL.

Plaintiff's petition *still* fails to meet the Kansas pleading requirements imposed by K.S.A. 60–209(h) by either attaching the written instrument from which their claim originates or citing to its contents. As a result, the Petition fails to establish that Plaintiff is entitled to recovery and therefore does not contain sufficient factual matters which, if accepted as true, state a claim that is plausible on its face. Plaintiff's allegations are mere legal conclusions that can be disregarded by the Court. Consequently, Plaintiff has failed to state a cause of action for which relief can be granted and a dismissal pursuant to Rule 12(b)(6) is appropriate.

                                            Respectfully submitted,

By:    */s/ Jordon T. Stanley*
       Jordon T. Stanley, #21990
       **GORDON REES SCULLY**
       **MANSUKHANI, LLP**
       211 North Broadway, Suite 2150
       St. Louis, Missouri 63102
       Tel: (314) 961-6686
       Fax: (314) 338-3076
       jtstanley@grsm.com
       *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on September 12, 2023, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

                                            By:    */s/ Jordon T. Stanley*